Appeal by the employer, Charles Failla, and his carrier, the Hartford Accident & Indemnity Co., from a decision of the Workmen’s Compensation Board which awarded compensation to claimant against one Margaret Reuter, employer, and Ocean Accident & Guarantee Corp., Ltd., her carrier, and against Charles Failla, employer, and his carrier, for partial disability between January 16, 1952 and March 18, 1953, at the rate of $12 a week for reduced earnings. The award totalled $732, and each employer and carrier was directed to pay 50% thereof. While working for the employer Margaret Reuter claimant contracted the occupational disease of dermatitis from handling hair lotions. She became disabled on and after January 27, 1947 for some time, and in the latter part of September, 1948, she began working for the employer Charles Failla as a manicurist but was required to dye hair occasionally, and again she became disabled as a result of dermatitis. Between 1947 and 1952 claimant received several awards for total and partial disability that were paid by the carriers of both employers mentioned herein. Prior to her disablement with the first *897 employer claimant’s average weekly wage amounted to $56.83. When she was employed by the appellant Failla her average weekly wage amounted to $40. She left the employment of Failla on November 13, 1948 and thereafter worked for other employers between January 2, 1952 and January 31, 1953. Between January 2, 1952 and December 27, 1952 her average weekly wage was $38.84; and from December 27, 1952 to January 31, 1953 she earned an average of $41.02 a week. On the basis of the foregoing the board found that claimant was entitled to an award for loss of earnings at the minimum rate of $12 a week. The record contains a stipulation that claimant’s disability was the result of two exposures, and the dispute here relates to the amount of liability and not as to the proportion of contribution. Appellants’ contentions are briefly as follows: Since claimant’s average weekly wage at the time of her last injury while working for the employer Failla was the sum of $40, and since her earnings for the period between January 2, 1952 and December 27, 1952 amounted to $38.84 per week, the reduced earnings to which claimant was entitled for that period is the difference between those figures or the sum of $1.16 a week, not the minimum of $12 a week. For the period between December 27, 1952 and March 18, 1953 claimant earned $41.02 a week, which was in excess of her average weekly wage of $40 a week, which she received from her employer at the time of her last injury, and hence claimant was not entitled to any award for that period. These contentions are based on the case of Matter of Meszaros v. Goldman (307 N. Y. 296) and Matter of Swirsky v. Brooklyn Ambulance Service (3 A D 2d, 785, aff'd. 3 N Y 2d 943) where it was held that the award against successive employers for reduced earnings for partial disability contributed to by each employment is to be based upon claimant’s earnings just prior to the latest injury. Thus the Court of Appeals interpreted the word “injury” in subdivision 6 of section 15 of the Workmen’s Compensation Law, fixing maximum and minimum amounts for awards. We think the eases cited are distinguishable on the facts from the instant claim. In each ease cited claimant returned to work after each accident, fully recovered, and earned full scale wages. In the instant case claimant worked for the last employer Failla as a partially disabled person at $40 a week, but at the same time she was receiving reduced earnings for the injury received in her first employment at the rate of $17.42 a week. Hence her total earnings while she was working for appellant at the time of her last injury were actually the sum of $57.42. Her weekly earnings for the period covered by the award, plus the sum of $12 a week allowed by the award, did not exceed the sum of $57.42. Hence we do not think that the rule laid down in the cases cited has been violated; but rather that the facts to which the rule should be applied are different. Award affirmed, with costs to the Workmen’s Compensation Board, Margaret Reuter, employer, and the Ocean Accident & Guarantee Corp., Ltd., carrier, to be divided equally.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.